LYMAN, CONVERSE AND POMEROY *v.* JAMES ORR, AND IRA D. BIXBY & HENRY W. CATLIN, TRUSTEES.

*Trustee Process. The liability of the Trustee to pay interest considered.*

The judgment creditor cannot recover interest of the trustee for the funds in his hands, if when his suit was commenced, and when the disclosure was filed, the trustee was not chargeable with interest in behalf of the principal debtor.

And if the principal debtor, when the suit was commenced, could not claim interest of the trustee, neither could he, if the trustee process should be dissolved, claim interest up to that time, if there had been no wrongful detention of the money on the part of the trustee; and in this respect the attaching creditor acquires no rights, that the principal debtor would not have.

The trustee process locks up the funds in the hands of the trustee, and after the service of the writ until the termination of the suit, the funds are in the custody of the law, and it is not necessary for the trustee to protect himself to deposit the funds with the clerk, but he is himself the stake-holder of the funds, for the one or the other, as their rights may be determined.

TRUSTEE PROCESS. The only question in this case, arose upon the disclosure of Ira D. Bixby, who disclosed in substance, that on the 16th day of September, 1850, he purchased of James Orr, the principal defendant, a house and lot in Burlington, for which he agreed to pay said Orr the sum of $2900.

That at the time of the trade, and as part of said contract, he assumed and paid debts of said Orr to the amount of $2555,13, consisting in the most part of incumbrances on said house and lot;

and that of said $2900, so agreed to be paid, by said supposed trustee, for said house and lot, the sum of $344,87 remains unpaid, and is still due to said Orr. That except as above stated, this supposed trustee had not in his hands or possession at the time of the service of this writ on him, nor has he since had, nor has he now any money, goods, chattels, rights or credits of the said Orr.

And the said Bixby further disclosed, that before the service of this writ on him, to wit on the 17th day of September, 1850, he was summoned as trustee of the said James Orr, in and by a writ in favor of one Carlos Baxter of said Burlington, dated the 16th day of September, last aforesaid, signed by D. B. Buckley, Clerk, demanding in damages $1000, and returnable to Chittenden county court, March term, 1851, and that said writ has been duly returned and is now pending in said court.

And thereupon submits himself &c.

At the September term, 1853, of the county court, the plaintiffs claimed that said Bixby was chargeable for said $344,87 and interest thereon from the March term of said court, 1851, when said disclosure was filed, to the above September term, 1853.

The County Court,—Pierpoint, J., presiding,—adjudged the trustee chargeable for said sum of $344,87 and the interest thereon as claimed by the plaintiffs.

To this decision adjudging the trustee chargeable with said interest, the trustee excepted.

*W. W. Peck* for trustee.

The trustee was not chargeable with interest. A party is liable for interest only in one of three ways; by way of contract, when he stipulates to pay interest,—by way of damages—and by way of accounting for profits realized from trust property. This trustee is not within the rule.

*Again,* To subject him to interest would be a perversion of the trustee process. Its purpose is to give the creditor security without prejudice to the trustee, by substituting him in the place of the debtor to recover what otherwise would be recovered by the latter.

The effect of the judgment would be to subject the trustee to an additional liability, without the power of avoiding it. *Foxcraft* v. *Knight,* 2 Dallas 132. *House* v. *Allen,* 2 Dallas 102. *Fitzgerald* v. *Caldwell,* 2 Dallas 215. *Sickman* v. *Lapsley,* 13 Serg.

& Rawle 224. *Prescott* v. *Parker*, 4 Mass. 170. *Adams et al.*
v. *Cordis et al.*, 8 Pick. 260. *Oriental Bank* v. *Tremont Ins. Co.*,
4 Met. 1. *Williams* v. *Consequa*, Peters C. C. Rep. cited in 4
Met. 6 Johns. 445.

*Phelps & Chittenden* for plaintiffs.

The debt due from Bixby to the principal debtor, set out in the
disclosure, was one which bore interest by its terms.

It is therefore subject to interest in favor of the creditor, who
stands in the same relation as the principal debtor towards the
trustee. *Adams et al.* v. *Cordis et al.*, 8 Pick. 260. *Seymour* v.
*Cooper & Trustee*, 25 Vt. 141.

The rule is no hardship to the trustee, and is only simple jus-
tice to the creditor.

If the trustee had not continued in the use of the money, or
had been deprived of the interest by the process, or had even made
a deposit of the funds, or had taken any step to protect himself
from liability for the interest, a different question would have been
presented. He does not even object to the payment of interest in
his disclosure.

The opinion of the court was delivered by

BENNETT, J. The only question in the case, is as to the amount
for which the trustee, Bixby, should be held to be chargeable.
Bixby bought the place of Orr, at $2900, and after deducting the
incumbrances, there was left in the hands of this trustee $344,87,
for which sum it is conceded he should be adjudged trustee ; and it
is also claimed that he should be charged with interest on that sum;
but a majority of the court think otherwise.

The sale to Bixby was made the 16th day of September, 1850,
and the next day Carlos Baxter commenced his trustee suit, de-
manding in damages one thousand dollars. That suit was pend-
ing when this was commenced, and at the time of filing the dis-
closure. When Baxter commenced his suit, the trustee was not
in behalf of the principal debtor, chargeable with interest. There
had been no unreasonable detention of the balance due the princi-
pal debtor. He would naturally require some little time to ascer-
tain accurately the amount of the incumbrances.

XXVI        9

When Baxter's writ was served, there is no ground to suppose that by implication a credit had been given to Bixby for the balance to be paid Orr, or an implied promise to pay interest upon it. Neither had there been at that time, any wrongful detention of the money, by means of which interest might commence running. The effect of Baxter's suit was to lock up the funds in the hands of the trustee ; and this was their condition when the present suit was commenced, and since that time the funds have been in the custody of the law. If this trustee process had been dissolved, there is no ground upon which the principal debtor could claim interest up to that time ; and the attaching creditor must stand in his shoes. If this demand had been on interest at the time the first trustee process was served, the case might have merited a different consideration. But as it was not, I apprehend there is no sound ground, upon which we can say the interest shall have run since the demand has been locked up. It is said in argument, that a doctrine of this kind opens a door for *collusion* between the trustee and the plaintiff to get the funds locked up to save the interest. It is sufficient to say, that when such a case arises, it will be time enough then to decide it. Quite a different result in such a case might follow.

Neither is it necessary to say what our decision would have been, if it had appeared that the trustee had received interest on this fund, pending the trustee suit. But this we are not to presume. It may be said, that if the trustee intended to exculpate himself from the payment of interest, he should have deposited the money with the clerk of the court. But why so ? There is no law which makes that a duty. The trustee is himself the stake-holder of the funds, for the one or the other, as their rights may be determined ; and to deposit the money with the clerk would be the veriest gratuity.

The cases cited by the counsel from the 4th Mass., and the 4th Metcalf, are full authorities for this decision ; and they are not at variance with the case in the 8th of Pick.

The result then must be an affirmance of the judgment against the principal debtor ; and as to the trustee, Bixby, the judgment of the court below is reversed with costs, and judgment that he is chargeable for the principal only, that is, for $344,87.

ISHAM, J., dissenting.