HENRY A. SUMNER, *Administrator of* WILLIAM W. FORD, *v.*
CHARLES BEEBE.

### *Interest. Bond. Mortgage.*

The plaintiff's intestate became the owner of the land in question by devise, but charged with the payment of $100. to each of his brothers and sisters living at the decease of M. Subsequently the intestate conveyed the land to F., who executed to the intestate a bond that on the decease of M. he would pay these legacies to the said legatees if then living, and if any died before the decease of M., the share of such to the intestate, and secured the payment of the bond by a mortgage of the same land to the intestate. One of the intestate's sisters died

previous to M.'s death, and the $100. that became due the intestate by the terms of the bond was never paid, nor was any demand made for it until about the time of bringing this suit. *Held,* that the intestate was entitled to have interest added to said sum from the decease of M., as a charge or incumbrance on the land in the hands of the defendant, to whom it came by several intermediate conveyances from F., the death of M. being an event equally within the knowledge or means of knowledge of the defendant as the plaintiff.

EJECTMENT for a tract of land in Rutland. The case was tried by the court, KELLOGG, J., presiding, at the September Term, 1864, under the plea of the general issue. Judgment was rendered for the plaintiff to recover the seizin and peaceable possession of the land. A hearing was then had to determine what sum was equitably due the plaintiff for the breaches of the bond and mortgage in question. The plaintiff claimed and the court decided that interest should be computed and allowed from and after the time of the decease of one Mary Ford, up to the time of the hearing, on the sum of one hundred dollars,—to which the defendant excepted.

The facts are fully stated in the opinion of the court.

*Prout & Dunton* and *R. S. Peabody,* for the defendant.

I. In order to charge the defendant with interest upon the amount claimed, it must be shown either,

1. That there was an express stipulation, or obligation to pay it. Chitty on Con., p. 504 ; *De Havilland* v. *Bowerbank,* 1 Camp. 50 ; *Catlin* v. *Bragg,* 15 East. 223 ; Sedgwick on Damages, 375, and opinion of ABBOTT, Ch. J. ; *Abbott* v. *Wilmot,* 22 Vt. 437 ; *Hubbard* v. *Ch. Br. R. R.,* 11 Met. 124 ; Mass. Dig., vol. 2, p. 115, § 26 ; Parsons on Con., vol. 2, p. 381, and notes ; *Freehling* v. *Schroeder,* 2 Bingham, N. C. 17.

2. That the money was wrongfully obtained or tortiously withheld, and used at a profit. *Lee* v. *Munn,* 8 Taunton, 45 ; *Crane* v. *Thayer,* 18 Vt. 162 ; *Goff* v. *Rehoboth,* 2 Cush. 475 ; *Jacob* v. *Adams' Ex'r,* 1 Dallas, 52 ; *Williams* v. *Storrs,* 6 Johns. Ch. Rep. 358 ; *Abbott* v. *Wilmot,* 22 Vt. 437 ; *Hubbard* v. *Ch. Br. R. R.,* 11 Met. 124.

3. That the money to be paid was a sum certain, at a specified time, and that both these facts were known to the party in default. *Goff* v. *Rehoboth,* 2 Cush. 475 ; *Kane* v. *Smith,* 12 Johns. 156 and 158, opinion ; 5 Pick. 106 ; Chitty on Con., p. 504.

Sumner, Adm'r, *v.* Beebe.

4. That there had been a demand for payment, or its equivale in legal effect. *Goff* v. *Rehoboth*, 2 Cush 475 ; 5 Pick. 106 ; *Orien tal Bank* v. *Tremont Ins. Co.*, 4 Met. 1 ; *Walker* v. *Bradley*, 3 Pick. 261 ; *Jacott* v. *Emmett*, 11 Paige, 142 ; *Sherwood* v. *Wooster*, 11 Paige, 441 ; *Buchanan* v. *Upshaw*, 1 Howard, 56 ; *Campbell* v. *Messier*, 6 Johns. Ch. R. 21 ; *Parker* v. *Thompson*, 3 Pick. 429 ; *Brewer* v. *Inh. of Tyringham*, 12 Pick. 547 ; *Johnson* v. *Durant*, 4 C. & P., 327 ; *B. & S. Glass Co.* v. *Boston*, 4 Met. 181.

II. The case shows neither of these four pre-requisites.

III. At all events the plaintiff should recover only the amount to which Emily Ford would have been entitled in case she had survived. This, at most, would have embraced interest only from the time a decree of distribution was made by the probate court. G. S., p. 404, §§ 29 and 30 ; *Sargeant* v. *Dow*, 1 Dane Abr. 574 ; *Shobe* v. *Carr*, 3 Monford, 10 ; *O'Gilvie* v. *O'Gilvie*, 1 Bradf. 356 ; *Burtis* v. *Dodge*, 1 Barb. Ch. R. 77.

*Nicholson & Ormsbee* and *E. N. Briggs*, for the plaintiff.

I. Emily Ford, one of the original legatees under the will of Daniel Ford, died in 1842 ; and by the provisions of the bond of Adonijah Ford, the contingency of her death was to accrue to the benefit of William W. Ford.

Mary Ford died January 16th, 1853, and thereupon the sum of one hundred dollars, being the sum *"which should have been paid to"* Emily Ford, had she survived, became due and payable to the plaintiff's intestate.

No other or further contingency, nor any act on the part of any person was necessary to create or perfect the liability.

Money due and payable under a contract which is silent on the subject of interest, should draw interest from the time that the same became payable, and should have been paid. *Vt. & Can. R. R. Co.* v. *Vt. Cen. R. R. Co. et al.*, 34 Vt. 2 ; Mass. Dig., vol. 2, p. 114, § 13 ; *Barnard* v. *Bartholomew*, 22 Pick. 294.

II. The purchaser of mortgaged premises, stands in no more favorable attitude toward the mortgagee than the original mortgagor. If he would relieve the land from the incumbrance, he must pay principal and interest. *McDaniels* v. *Lapham et al.*, 21 Vt. 222.

POLAND, Ch. J.	The plaintiff's intestate became the owner of the land by devise, but charged, among other things, with the payment of one hundred dollars each, to his brothers and sisters, living, on the decease of his aunt, Mary Ford. In 1837, the intestate conveyed the land to Adonijah Ford, who executed to the intestate a bond that on the decease of Mary Ford, he would pay these legacies of one hundred dollars each to the said legatees, being five in number, if then living, and if either of said legatees died before the said Mary, then to pay the amount of the share of such deceased legatee to the plaintiff's intestate, and the payment of said bond was secured by a mortgage of the same land from Adonijah to the intestate.

The land came by several intermediate conveyances from Adonijah Ford to the defendant.

Emily, a sister of the intestate, and one of said legatees, died in 1842, and said Mary Ford died in 1853. The one hundred dollars that was due to the intestate by the terms of Adonijah's bond, secured by the mortgage, had never been paid, and no demand or request was ever made for its payment, till about the time of the bringing of this suit. The single question presented by the case is, whether the plaintiff is entitled to have interest added to said sum of one hundred dollars since the decease of Mary Ford, when it was payable, as a charge or incumbrance on the land in the hands of the defendant.

In our view the question of interest stands precisely as if Adonijah had given the plaintiff's intestate a note for a hundred dollars, payable on the decease of Mary Ford, and secured its payment by a mortgage upon the land.

It is perfectly settled in this state, as a general rule, that after a debt for a fixed sum becomes due, so that it is the duty of the party to pay it, interest will be allowed as damages for the detention of the debt, though there is no contract for interest. In this case the amount of the debt was certain, but the time of the payment, instead of being at a fixed day, depended upon the happening of a future event, the death of Mary Ford.

The defendant says he should not be compelled to pay interest until he had notice of the death of Mary Ford, that he might have no knowledge when that occurred.

When the time of payment of a debt depends upon the happening of a future event, if that event is one that is peculiarly within the knowledge of the creditor, so that he will naturally have knowledge of its occurrence, which the debtor will not, then there is a manifest propriety in requiring that he should not require his debtor to pay interest for the delay of payment, until he has notified him of the event, that has made his debt due, and in such case no suit could ordinarily be maintained, till such notice was given. But where the event on which the time of payment depends, is one no more within the knowledge of the creditor than the debtor, then no such notice is required either to enable the creditor to sue, or to entitle him to interest. It is as much his duty to obtain knowledge of it as it is the duty of the creditor, and unless he has stipulated for notice, he must run his own risk of ascertaining when the debt falls due. No reason has been suggested why the death of Mary Ford was not an event equally within the knowledge, or means of knowledge, of the defendant as the plaintiff, as readily ascertainable by one as the other, and the case furnishes no ground to see any.

No notice or demand were therefore necessary.

We consider the question the same as against the defendant in a suit against the land, as it would be in a suit against Adonijah on his bond, for just to the extent the liability extends on the bond, the mortgage binds the land,—and the defendant, as a purchaser of the land, must be held affected with notice of all recorded incumbrances on the land, and standing in the shoes of the mortgagor. The allowance of interest, where there is no special contract to pay interest, is far more general in this country than in England, and in this state we have gone quite beyond many of the other states.

In England the cases are rare where interest is allowed, except there be a contract to pay it; they are rather exceptions than otherwise. In this state the general rule is that interest is given after the debt is due, without any special contract to pay. The cases where it is not given must appear to stand upon some special reason for withholding it. Most of the cases which the industry of the defendant's counsel has brought to our notice, are cases which stand upon some of these exceptions.

It is suggested that this is really a claim for a legacy, and that in

ordinary cases interest is not given on a legacy till there has been an order or decree for its payment. The reason for that is, that it is not due and cannot be enforced, till such order is made. In this case, though this sum originated in a legacy, it long since lost its peculiar legacy character, and became an obligation resting wholly in contract. The legal character of the contract is the same as if the contract had originated with the bond from Adonijah to the plaintiff's intestate. In our view interest was correctly added to the debt after it fell due upon the death of Mary Ford.

Judgment affirmed.