BAKER, ADMR. OF C. P. KIMBALL'S EST. *v*. CENTRAL VERMONT R. R. CO.

*Trustee. Process. Interest. Pleading.*

1. One summoned as trustee is liable to pay interest, where the demand is on interest at the time the process is served.
2. Interest may be recovered under the *indebitatus* counts when the claim is not to recover *interest solely*, but a balance due for work, labor, etc.

GENERAL ASSUMPSIT. Heard on an agreed statement, March Term, 1883, Washington County, REDFIELD, J., presiding. Judgment for the defendant. The facts are sufficiently stated in the opinion of the court.

*Geo. W. Fisk*, for the plaintiff.

The balance due Sept. 19, 1876, was entitled to draw interest from said date to Feb. 14, 1880, and interest from that date; and the defendant is liable for the amount. *Vt. & Can. R. R.*

*Co.* v. *Vt. Cen. R. R. Co.*, 34 Vt. 65; *Sumner* v. *Beebe*, 37 Vt., 562; *Hauxhurst* v. *Hovey*, 26 Vt. 544; *Evarts* v. *Nason*, 11 Vt. 122; *Pawlet* v. *Sandgate*, 19 Vt. 620; *Gleason* v. *Briggs*, 28 Vt. 135; *Allen* v. *Lyman*, 27 Vt. 20; *Pierce* v. *Knight*, 31 Vt. 701.

*C. W. Porter* for the defendant.

The interest cannot be recovered under the *indebitatus* counts. 1 Chit. Pl. (16th Am. ed.) 371. It is only recoverable as damages, and does not constitute a debt. *Cutler* v. *Mayor*, 16 Reporter, 277. The receipt of the principal without claim of interest is a waiver of interest. *Abbott* v. *Wilmot*, 22 Vt 437; *Tillotson* v. *Preston*, 3 Johns. 229; *Johnson* v. *Brannon*, 5 Johns. 268; *R. R. Co.* v. *Moravia*, 61 Barb. 181. The general rule is that persons who are prevented from paying over money by the interposition of the law, as writs of injunction and trustee process, are not liable for interest. *Osborn* v. *Bank*, 9 Wheat. 738. In trustee process there are exceptions to this rule, as when the debt attached is one which, by the terms of the contract, carries interest: WHEELER, J., in *Bridges* v. *Sheldon*, 18 Blatch.; *Lyman* v. *Orr*, 26 Vt. 119.; *Adams* v. *Corelis*, 8 Pick. 260; *Blodgett* v. *Gardner*, 45 Me., 542; or where the trustee denies his liability; *Tus. Co.* v. *Oliver*, 1 Ga. 38; *Stevens* v. *Gwathmey*, 9 Mo., 637. But when the interest for which it is sought to charge a trustee accrues by way of damages for the detention of money, the trustee is not liable for interest during the pendency of the trustee suit. *Smith* v. *Flanders*, 129 Mass. 324; *Bank* v. *Tus. Co.*, 4 Met. 1; *Machine Co.* v. *Partredge*, 5 Fost. (N. H.) 369.

The opinion of the court was delivered by

TAFT, J. The plaintiff contracted with the defendant to do certain work in constructing the Montpelier and White River Railroad. The work was completed in the fall of 1875. The parties could not agree upon the amount due the plaintiff. Kimball was sued and the defendant summoned as trustee on

the 30th day of May, 1876. On the 19 th day of September following, the amount due under the contract was adjusted at the sum of fifty-five hundred dollars, as of that date. The following sums have been paid on the claim, viz.: 19th September, 1876, $3,000; 7th December, 1876, $562; 14th February, 1880, $1,938. The defendant was discharged in the trustee suits 25th October, 1879. The amount due Kimball was payable in the fall of 1875. It is true that at that time the parties had not agreed upon the amount actually due; but whatever that sum was, it was then payable. Kimball might have brought and maintained suit for it in the fall of 1875, and, under our decisions, interest would have been allowed on such sum as he could show he was entitled to under the contract. Where the claim in suit, in actions *ex contractu*, is unliquidated, interest is always given upon the sum found due, from the time the demand was payable. It is said that interest is allowed as damages for the detention of the debt; but the giving of such damages is not within the discretion of either court or jury; it is the *right* of the party after establishing a contract demand to have interest added from its maturity in all cases, including those where the contract is silent on the subject. Whenever a debtor neglects to pay, after it is his duty to pay, interest is recoverable; and the debtor is not relieved from its payment, upon what is really due, by showing that the creditor made too large a demand upon him. See *Vt. & Can. R. R Co.* v. *Vt. Cen. R. R. Co.*, 34 Vt. 2; *Sumner* v. *Beebe*, 37 Vt. 562. At the time of the service of the process upon the defendant it was legally liable to pay interest upon the debt; and we think that the running of interest was not interrupted by such service. In *Lyman* v. *Orr*, 26 Vt. 119, the debt was not entitled to interest at the time process was served, and a majority of the court held that, for that reason, the trustee was not liable to pay interest. BENNETT, J., in the opinion says, that, if the demand had been on interest at the time the first trustee process was served, the case might have merited a different consideration. We are of that opinion, and hold that where the demand is on interest at the time process is served, the trustee should be held liable to pay it.

The case does not show that the principal of the debt has been received by the assignees of the claim, without demand of interest, and that question is not before us. A recovery can be had under the *indebtitatus* counts. The claim is not to recover *interest solely*, but a balance due for *work, labor, materials,* etc., upon which interest may always be given under the general allegation of damage.

The judgment of the County Court is reversed, and judgment for the plaintiff, for the sum of fifty-five hundred dollars with interest from the 19th of September, 1876, deducting the sums paid as herein stated. The amount due to be computed by the clerk.