# FRED S. PLATT, ASSIGNEE, *v.* THE CONTINENTAL INS. CO.

*Insolvency ; title of assignee.   Fire insurance ; proof of loss.*
*Trustee process, when interest is chargeable against*
*trustee.*

1. The Vermont assignee of a New York corporation, doing business in this State, can recover, as against the New York receiver of the corporation, the insurance on personal property insured in this State and situated here at the date of the filing of the petition of insolvency.

2. The title of the assignee relates back to the date of the filing of the petition, and he may recover where the loss occurs between the time of such filing and the adjudication of insolvency.

3. The loss occurred and the proofs of loss were made between the filing of the petition and the adjudication of insolvency. The proofs of loss were signed on the part of the insolvent company by its president, and stated that the sum agreed upon, as to the amount of loss, was by compromise. *Held*, that the plaintiff might show that this compromise was fraudulent, and that the real damage was greater than the amount so agreed upon.

4. The defendant had been trusteed; it did not appear at what date. The County Court ruled that it was not liable for interest. *Held*, that this judgment should be affirmed, for no interest would be collectible unless the loss was already due at the time of the service of the trustee process, and no presumption could be made against the correctness of the proceedings in the court below.

This was an action of assumpsit upon a policy of fire insurance issued by the defendant to the Poultney Slate Works. Plea, the general issue, with notice of special matter. Trial by jury, at the March Term, 1889, Ross, J., presiding. The court directed a verdict for plaintiff in the sum of $1,250 without interest. Both parties except.

The plaintiff sued as the assignee of the Slate Works Company. The petition of insolvency was filed August 13th, 1886 ; the adjudication was made October 17th, 1887, and the deed of assignment executed November 8th, 1887.

Platt, Assignee, *v* Continental Ins. Co.

The policy was issued July 1st, 1887, for one year, and covered a building and certain personal property not connected with it, all situated in this State. The fire occurred April 23d, 1887, and the proofs of loss were signed May 10th, 1887.

It appeared that a receiver of the Slate Works Company had been duly appointed in the State of New York, when did not appear, who had demanded, May 20th, 1887, of the defendant the amount due under this policy.

The remaining facts sufficiently appear in the opinion.

*F. S. Platt, G. E. Lawrence* and *P. R. Kendall*, for the plaintiff.

The proofs of loss were in such form and signed by such person as the authorized agent of the company required. Hence the defendant cannot question their sufficiency. *Pratt* v. *N. Y. Central Ins. Co.*, 55 N. Y. 505; *Franklin Fire Ins. Co.* v. *Chicago Ice Co.*, 36 Me. 102; s. c. 11 Am. 469; Wood Ins. 721; *Warren* v. *Peoria Ins. Co.*, 14 Wis. 318; *Brown* v. *Kings Co. Fire Ins. Co.*, 31 How. 508; *Vandusen* v. *Charter Oak Ins. Co.*, 1 Roberts (N. Y.), 55; *Keeney* v. *Home Ins. Co.*, 71 N. Y. 396; *Sims* v. *State Ins. Co.*, 47 Mo. 54; *Argus* v. *Hartford Ins. Co.*, 17 Ia. 176.

The president of the Slate Works Company could not bind the assignee by a compromise made after the filing of the petition. *Haight* v. *Ins. Co.*, 92 N. Y. 51, 55.

The New York receiver acquired no interest in the property. *Kelly* v. *Crapo*, 45 N. Y. 86; *Willis* v. *Wait*, 25 N. Y. 577; *Zepcy* v. *Thompson*, Gray, 243; Waite Insolvent Corporation, 172, s. 200; *Herriney* v. *R. R. Co.*, 105 N. Y. 371; *Keeney* v. *Home Ins. Co.*, 71 N. Y. 401.

Nor did his appointment avoid the policy. *Phœnix Ins. Co.* v. *Lawrence*, 4 Fire Ins. Cases, 628; *Clark* v. *Ins. Co.*, 6 Cush. 342; *Franklin Ins. Co.* v. *Lindlay*, 6 Whart. (Pa.) 483; *Rice* v. *Tower*, 1 Gray, 426; *Strong* v. *Ins. Co.*, 10 Peck, 40; *Tettemore* v. *Vt. M. & F. Ins. Co.*, 20 Vt. 540.

The defendant should be liable for interest. It has not neglected to pay because restrained by trustee process, but because it

denied its liability in chief. *Barker* v. *White*, 58 N. Y. 204, 214 ; *Dickenson* v. *Owen*, 11 Cal. 71 ; 7 U. S. Dig. 785.

*J. C. Baker*, for the defendant.

A sufficient proof of loss is a prerequisite to recovery, and in this case there was none. *Donahue* v. *Ins. Co.*, 56 Vt. 374 ; *Smith* v. *Ins. Co.*, 60 Vt. 682.

The only attempted proof put the damages at $1,250, and in no event can there be a recovery beyond that amount.

Both corporations are creatures of New York ; this debt is collectible in New York, and a receiver in that State has the exclusive right to collect it. *Marsh* v. *Putnam*, 3 Gray, 551 ; *Cramton* v. *Marble Co.*, 60 Vt. 291 ; R. L. s. 1820.

The opinion of the court was delivered by

TAFT, J. The defendant is a corporation under the laws of New York ; doing business in this State, subject to legal process and the jurisdiction of courts here. R. L. s. 3608. The plaintiff is assignee of the Poultney Slate Works, a New York corporation, which owned real estate and was doing business here, until adjudged an insolvent debtor under the laws of this State. The policy of insurance in question was executed in this State, covered property here, and any loss under it, as no place of payment is specified in the contract, is payable here. The Slate Works corporation, on the 17th October, 1887, was adjudged an insolvent, upon a petition filed 13th August, 1886, and the deed of assignment to the plaintiff, executed by the judge of the Court of Insolvency, related to the time of filing the petition, and vested in the assignee, as of that date, the corporate property situate in this State, and he had the like remedy to recover the estate, debts and effects of the insolvent, in his own name, as the debtor would have had had no assignment been made. R. L. s. 1822. The legal title of the property came to the plaintiff, and when the property burned the avails of the property belonged to him. As against the creditors in this State, the property cannot be taken from this jurisdiction. They cannot be compelled to go abroad to collect their claims. The corporation itself, had

no receiver been appointed in New York, could not come into this State, take its property, which the law here had seized in behalf of creditors, from the custody of the law, and compel such creditors to seek their remedy elsewhere ; and a receiver appointed in New York can have no more rights in that respect than the corporation itself. The general rule is that movable property is supposed to be in the place of the debtor's domicile, and that it is the law of his domicile which ought to decide the rights of creditors as to such movables. But Story, in his Conflict of Laws, s. 325*d* (7th Ed.), says that this rule will prevail where the goods are in his possession, unless, indeed, a creditor has by his diligence, according to the laws of the place, acquired a superior right by an execution over them, for he will then retain that privilege. We think a superior right is acquired by any legal process which seizes them to respond to the claims of creditors. Story likens the case to that where the debtor has given the property in pledge to the creditor in the place where the property is seized. The assignee can maintain this action to recover upon the policy.

Upon trial the policy was put in evidence ; the authority of the agent to issue it was conceded ; that the property burned on the 23d April, 1887, was admitted. The defendant gave in evidence proofs of loss executed by Sargeant, the president of the Slate Works Company, which are in strict compliance with the terms of the policy. The proofs state that the amount of the claim was compromised and agreed upon at the sum of twelve hundred and fifty dollars, and if the compromise was valid the plaintiff was entitled to a verdict for that amount. The plaintiff claimed that the loss was greater than that sum and offered evidence to show the alleged compromise was fraudulent and agreed upon by the defendant's agent and Sargeant, for the purpose of enabling the defendant to escape a greater liability. If the compromise was fraudulent it did not bind the plaintiff, and the evidence offered tending to show it should have been received and the plaintiff permitted to recover the actual loss under the policy. The proofs were executed and delivered to the defend-

ant, were upon a blank furnished by the defendant, and were put in evidence by it. They are, apparently, a full and technical compliance with the provision of the policy requiring them to be furnished within sixty days from the date of the fire. The proofs were executed by Sargeant, as president of the Slate Works Company, were in exact accord with the conditions of the policy, were accepted by the defendant as such and put in evidence by them. Any question of waiver of proofs was immaterial. The proofs state the claim under the policy to be twelve hundred and fifty dollars, as a compromise settlement. The plaintiff claims in excess of that sum. The defendant insists that the plaintiff is not at liberty so to do; that if he repudiates the proofs of loss in respect of the sum, he loses the benefit of them for any purpose, and so, not having complied with the condition requiring proofs, cannot recover in the action. It has been held that the insured cannot upon trial impeach the correctness of his preliminary proofs in respect of an incorrect statement of a material matter, made through mistake. *Campbell* v. *Charter Oak F. & M. Ins. Co.*, 10 Allen, 213. Admitting this to be the true rule, which we by no means concede, it should not apply to a case where the falsity of the statement was the result of fraud on the part of the insurer or its agents; for, as was said by DEWEY, J., in the case cited, "So far as these statements or either of them were induced by the fraudulent acts of the insurers or their agents, no question can exist as to the right of the plaintiff to avoid them, and they may properly be controlled by evidence showing the facts to be otherwise."

The fact that the president of the Slate Works Company was a party to the fraud would not vary the rule in respect of the rights of the plaintiff who represents the creditors of the corporation.

It is insisted by the defendant that the offer of the testimony tending to show fraud embraced evidence that was inadmissible, and therefore the whole evidence was properly excluded. We think the offer to show the compromise fraudulent was distinct and in no way connected with the offer of any other evidence.

Platt, Assignee, *v.* Continental Ins. Co.

We do not decide that a compromise made in good faith would bind the plaintiff, for that question is not before us, but the court erred in not submitting the question of whether the compromise was fraudulent or not, to the jury, for if it was fraudulent the plaintiff is not bound by it.

The court held that the plaintiff was not entitled to recover interest upon the amount due, and to this ruling the plaintiff excepted. The proofs were furnished on the 10th day of May, 1887, and the loss became payable on the 9th of July afterwards. One Beaman sued the Slate Works Company and summoned the defendant as trustee. The time the trustee process was served, whether before or after the maturity of the loss, does not appear. The presumption must be that it was before, otherwise the judgment of the court was erroneous, *Baker* v. *Cent. R. R. Co.*, 57 Vt. 302, which cannot be presumed. The judgment of the court on the subject of interest was correct, for one summoned and chargeable as trustee for money of the principal defendant in his hands, is not liable for interest thereon while the demand was locked up by the trustee process, when the demand was not on interest when attached, and the trustee has received no interest on the fund. *Lyman* v. *Orr*, 26 Vt. 119.

*Judgment reversed and cause remanded.*