## ARTHURTON and JONES *vs.* DURKEE.

### In Error.

A mistake in the assessment of damages, not apparent from the record, whether the cause was tried by the Court or Jury, cannot be assigned for error.

*Chittenden,*
*January,*
*1824.*

THIS cause came up on a writ of error from the County Court for the County of Chittenden. Jirah Durkee brought an action of *assumpsit* in the Court below, against Samuel Arthurton, and Nathaniel Jones, on a note or contract in writing, in the words follow-

ing:—"For value received we promise to pay and deliver to Jirah Durkee at the rafting place below Onion River Falls, by the first day of May next, one thousand pieces of clear stuff white pine plank, of the following description: to be thirteen and one half feet long, from one and three eights to one and a half inches thick, from ten to twelve inches wide, square edged and sound. Also one thousand pieces of good merchantable sound white pine plank of the same dimensions as above described for thickness, width and length, and all to be stubbed, butted and culled, suitable for the Troy market, and be delivered as aforesaid."

*Chittenden,*
*January,*
*1824.*

*Arthurton*
*and Jones*
*vs.*
*Durkee.*

Arthurton and Jones pleaded the general issue, which by agreement of parties was tried by the Court. The issue was found for Durkee, the plaintiff below, and damages assessed at $277 95; to reverse which judgment Arthurton and Jones brought this writ of error, in which is the following assignment of error: "And the said Samuel and Nathaniel say, that in the proceedings aforesaid, and in the rendition of the judgment aforesaid, there is error in fact, in this to wit, it appears by the proceedings aforesaid that said one thousand peices of plank, mentioned in said note or agreement, were estimated at eighteen thousand six hundred and ninety-two feet in board measure; whereas the said Samuel and Nathaniel say that the said one thousand pieces estimated in board measure will amount to only fourteen thousand four hundred and sixty-eight feet and three-fourths of a foot; making a difference between the actual amount and the amount in damages, as they were cast, of three thousand two hundred and twenty-three feet and one fourth. The said Samuel and Nathaniel further say, that the said Jirah has added the sum of $20 58 for interest, whereas they say that the said contract does not carry interest, and that no interest was allowed by the Court, but erroneously added by the plaintiff in making up the damages.

*Adams* for the plaintiffs in error.

*Griswold* and *Follett* for the defendant. They cited 6 Mass. R. 272. 7 Mass. R. 448. 8 *id*. 383.

AIKENS, J. delivered the opinion of the Court.

Error from the County to the Supreme Court lies only upon matter of law, arising upon the face of the proceedings, as certified

3

*Chittenden,*
*January,*
*1824.*

*Arthurton*
*and Jones*
*vs.*
*Durkee.*

to us by the copy of the record.   The errors assigned, in this case, do not appear in the process, or record of the judgment, which this writ is brought to reverse.   They are errors in fact, appearing only from the *averment* of the party, and being unsupported by the record cannot be recognised by this Court.

The plaintiffs in error, if the facts alleged by them be true, have mistaken their remedy.   They should either by motion at the : ame term, or by petition at a subsequent term have sought a new trial in the County Court, where the mistake intervened; which, by the act of the 8th November, 1797, that Court is empowered to grant, in all cases within its jurisdiction, according to the usages of law, except for a difference of opinion, as to matters of fact, between the Court and the Jury who tried the cause.

The judgment of the County Court is therefore affirmed.