ASA W. RICHMOND v. DANIEL AIKEN, SARAH A. GODDARD, WILLIAM JARVIS, AND OTHERS.

[IN CHANCERY.]

*Presumptions. Mortgagee's right of entry upon land. Effect of acknowledgement of the title of mortgagee, by the owner of the equity of redemption.*

Presumptions must always rest upon acknowledged or well established facts, and not upon presumptions.

The mortgagee's right of entry upon land is not lost, either by presumption, or the statute of limitations, except by a continued interruption and ouster, for the term of fifteen years; and this interruption, or ouster, ceases upon the acknowledgement of the title of the mortgagee, by the owner of the equity of redemption. And if not the owner at the time of the whole equity, yet if the title subsequently come to him, his previous acknowledgement must bind him and bind the land in his hands.

The creditor or mortgagee may abandon the personal obligation of the debtor, without affecting his security upon the land; that is, he does not lose his right to pursue the land, by allowing the security to become barred by the statute of limitations.

APPEAL from the Court of Chancery. The facts in the case sufficiently appear in the opinion of the court.

*S. Fullam* and *Washburn & Marsh*, for defendants.

*Tracy, Converse & Barrett*, for orator.

The opinion of the court was delivered by

REDFIELD, Ch. J.   This is a bill to foreclose two mortgages, executed by Willard and Rodney C. Caryl, to Lemuel Richmond, of two lots of land in Barnard, or parts of said lots.   The first of these mortgages is dated the 26th day of December, A. D. 1829, and the second on the 18th day of May, A. D. 1831, and they were both conditioned to save said Lemuel Richmond harmless, for signing a note with the said Willard to one Ephraim D. Briggs, for the sum of one thousand dollars, as surety for the said Willard. The said note is dated the 13th day of August, 1829.

Numerous payments are endorsed on said note, at short intervals, from the date until the 26th day of February A. D. 1834, reducing the balance to $251,26, at that date.   In 1844, this note and the mortgages were, without writing, assigned to the orator, as an advancement out of his father's (the said Lemuel's) estate.

The testimony of the said Lemuel and Briggs is, that subsequent to February 26th, 1834, but at what date they are uncertain, said Lemuel paid the balance of the note to the said Briggs, and took it up.   The subpœna is dated the 26th day of November, 1850, and served the day following, or shortly after.

The defendant, Sarah A. Goddard, took a mortgage upon the same land, or a portion of it, the 10th day of March, 1846.   And the defendant, Jarvis, took a mortgage upon another portion of the land, the 19th day of July, 1845.

There is no testimony in the case to show precisely, or nearly, the time at which Lemuel Richmond paid the balance of this note. This is left wholly to intendment, and it seems to us no legal presumption arises, in regard to the time of this payment.   It is altogether, as it seems to us, a matter of fact, to be decided upon the probabilities arising out of the testimony, as we would submit a pure matter of fact to a jury.   And as the time intervening the last payment before this, and the bringing of the bill, is nearly seventeen years, we are not prepared to say, that we are satisfied the payment *was* made more than fifteen years before the bill brought. There are some things which make it highly probable that if it was all paid at once, it might have been more than fifteen years before the bill brought.   Other considerations, and especially the relationship existing between the parties, would rather favor the conjecture that it might have been delayed longer.   We are not pre-

Richmond *v.* Aiken et al.

pared to say that the cause of action, in this case, accrued more than fifteen years before suit brought.

If that is to be made out, it must be by inference and presumption merely, as is apparent. And to make such a presumption for the foundation or basis of another presumption, that is, of payment, would be contrary to the acknowledged foundation upon which all presumptions rest. Presumptions must always rest upon acknowledged or well established facts, and not upon presumptions.

But even if a *prima facie* bar were established, we think the admissions of Aiken, in regard to the continued liability of the land to this burden, up to the time that he parted with the title which came to the defendants, must be regarded as an admission binding upon them. It is certainly not necessary to show a removal of the presumption, as to the debtor, in order to maintain the lien upon the land. If that were so, the lien upon the land would be lost in six years, ordinarily, by the statute of limitations having run upon the securities, as was once held in the state of New York, but which is not regarded as law now, any where. The creditor may abandon the personal obligation of the debtor, without affecting his security upon the land—that is, he does not lose his right to pursue the land, by allowing the security to become barred by the statute of limitations.

The right of entry upon the land is not lost, either by presumption or the statute of limitations, except by a continued interruption and ouster, for the term of fifteen years. This interruption, or ouster, ceases upon the acknowledgment of the title of the mortgagee, by the owner of the equity of redemption. And if not the owner at the time of the whole equity, yet if the title subsequently come to him, his previous acknowledgment must bind him and bind the land in his hands, inasmuch as it tends to put the mortgagee off his guard, and is a virtual compromise of any prior ouster. Whether such acknowledgment, by a mere stranger to the title, who subsequently acquired it, would bind the land by reason of his former acknowledgment, it is not important to consider. In the present case, all the acknowledgments of Aiken are made, while he was bound to remove the burden. Under these circumstances, we think very clearly that it must be regarded as binding upon him and his interest in the land, at the time the defendants acquired title. And they must be regarded as having

constructive notice of the plaintiff's mortgage—that being upon record—and of its continual subsistence, inasmuch as the record would put them upon inquiry, and thus affect them with notice of every fact which they might have learned upon inquiry, among which is that of Aiken's recognition of this burden.

Decree of the Chancellor affirmed.