Meeker *v.* Hurd.

---

ANNIS MEEKER *v.* CHAUNCEY J. HURD.

*Contract. Infant. Tender.*

The plaintiff, a minor, agreed with the defendant to work for him until she should become of age, for which he agreed to clothe her well, and otherwise provide for her, send her to school a certain length of time, and at her majority pay her a certain sum of money. She worked for him a portion of the specified time, but he did not fulfil his contract in regard to her clothing and schooling, and before her majority she left his service at his request and in conformity with her own wishes; *Held,* that she was entitled to recover of the defendant in an action of book account what her services were worth, without any deduction for the damage he might have sustained in consequence of her leaving his service before she became of age.

A tender less than the debt, though paid into court, should not be deducted from the debt in making up the judgment, but belongs solely to the defendant.

BOOK ACCOUNT. The auditor reported that in 1845, when the plaintiff was seven years old, her father made a verbal arrangement with one Randall that the latter should take the plaintiff as

his own child, clothe her decently, give her a common school education, and find a suitable place for her, if at any time he could not keep her. The plaintiff under this arrangement lived with Randall four years, when with his consent, and on account of his inability to keep her, she went to reside with the defendant, under a parol agreement between him and Randall that he was to do by her as Randall had agreed with her father to do, and that Randall was to have the general control and oversight of her, and the right to see that she was properly clothed and schooled. This agreement between Randall and the defendant was not communicated to the plaintiff. Under this arrangement the plaintiff lived with the defendant until April, 1852, when she became dissatisfied, and proposed to leave him, unless he would agree to do something for her when she should become of age. The defendant thereupon agreed that if she would live with him until she should become of age, a period of four years, he would give her three months schooling each year, clothe her well, and otherwise provide for her, and at the end of that time give her fifty dollars in money, if she would be a good girl. Under this arrangement, which was not made known to Randall, the plaintiff lived with and worked for the defendant until the spring of 1855, when he proposed to her to give her the last year for her services the three preceding years, and said he did not want her any longer. The defendant's wife then proposed to give the plaintiff one dollar per week if she would stay with them through the summer, and the plaintiff did remain and work there until the next fall, when the defendant told her he did not want her to stay any longer unless she would treat his wife well, and she thereupon left; both the plaintiff and the defendant being desirous that she should leave.

The defendant did not give the plaintiff three months schooling each year during the time she remained with him after April, 1852, nor did he clothe her according to the agreement made at that time, but he did educate and provide for her to Randall's satisfaction and according to Randall's agreement with her father, who, however, died before the plaintiff went to live with the defendant.

The auditor further found that if upon these facts the plaintiff was entitled to recover anything, there was due to her

from the defendant eighty-five dollars and sixty-eight cents, to balance book accounts, and that the defendant, after the commencement of this suit, tendered to the plaintiff twenty-five dollars, which was paid into court and was in the auditor's hands, and the auditor reported that if the plaintiff was entitled to recover, this sum of twenty-five dollars was to be deducted from the balance above reported.

Upon this report the county court rendered judgment for the plaintiff for eighty-five dollars and sixty-eight cents, to which the defendant excepted.

*H. Canfield,* for the defendant.

*A. L. Miner,* for the plaintiff.

BENNETT, J. In this case the auditor finds that the sum of eighty-five dollars and sixty-eight cents is due the plaintiff, if upon the special facts of the case she is entitled to recover in this form of action.

It seems the plaintiff was a minor, and that in April, 1852, her father and mother both having previously died, she entered into a contract with the defendant to live with him for four years from that time, until she became of age, and the defendant on his part was to give her three months schooling each year, clothe her well, and otherwise provide for her, and at the end of the four years give her in addition fifty dollars in money, if she was a good girl. The case shows that the plaintiff labored for the defendant under this contract up to the spring of 1855, when the defendant informed her they did not want her any longer, and proposed to her to give her the last year for her services for the three first years, and the defendant's wife then proposed to give her a dollar a week if she would stay with them through the coming summer, which it seems she did, and in the fall the defendant told the plaintiff he did not want her any longer, unless she could treat his wife well, and she then left his service. .

The case finds that the defendant did not give the plaintiff three months' schooling each year, nor did he clothe her according to the terms of the contract, and the case shows that the plaintiff

left the defendant's service according to his wishes, and in conformity to her own desires.

We apprehend that this is a clear case where the plaintiff may recover in a book action what her services were reasonably worth, over and above what she may have received by way of support, or otherwise.

In *Thomas* v. *Dyke*, 11 Vt. 273, it was held that a minor might recover in a book action what his services were reasonably worth, though he had left the defendant's service in violation of the terms of his contract with the defendant, and without any good reason, taking into consideration the injury to which the defendant had been subjected by reason of the minor's leaving his service.

The only doubt in that case was, whether the minor could not recover compensation for his services without any regard to his own contract, inasmuch as he was not bound by it, and I must confess, if the question were *res integra*, upon principle, it would seem to me questionable whether a deduction could be made in such a case, or in other words, whether the plaintiff's services should be estimated subject to an injury which the defendant sustained by reason of the plaintiff's leaving his service before his time was out. It would seem, in effect, to subject the minor to damages for a breach of contract by which he was not bound. But no such question arises in the case before us, and if it did it should be regarded as settled by that case.

The plaintiff's contract in this case with the defendant can not be considered as a contract for necessaries. This is a contract for service, and the plaintiff could not, in the eye of the law, judge as to the value of those services, the time suitable for her to engage, or the proportion of time which she ought to go to school, nor what her compensation ought to be, over and above her support and schooling.

The plaintiff then not being bound by her contract, it furnishes no obstacle to her recovering upon a *quantum meruit*, even if she had left the service of the defendant against his wishes, but even this the case negates. She worked for the defendant the fourth summer under a new contract, and left in the fall of that year, agreeably to the will of both parties.

The arrangement made with Mr. Randall in regard to this girl,

can have no effect upon her right to recover for her services after the spring of 1852. The defendant at that time saw fit to enter into a new and distinct arrangement with the girl herself, to pay her for future services: and he can not allege that the plaintiff was at that time a minor, in avoidance of his liability.

We think then, the plaintiff should recover of the defendant eighty-five dollars and sixty-eight cents, and the interest on it from the time of the report. The sum tendered belongs to the defendant, and he has a right to take it out of court, it being found that it was not sufficient to bar the action, and of course the twenty-five dollars tendered should not be deducted from the balance found due, as suggested by the auditor, and judgment is entered up accordingly.

The judgment of the county court is affirmed.