## CYRUS PRIOR *v.* L. F. WILBUR.

*Writ of error. Presumption of regularity. Motion to bring forward.*

1.  Upon a writ of error every presumption is to be made in favor of the judgment which is not positively inconsistent with the record.
2.  In case a declaration contains a special count upon note and also the general counts, the County Court may at the first term, upon notice to the defendant, strike out the general counts and give judgment upon the special.
3.  The alleged error was that the court granted an amendment striking out the general counts and gave judgment the first term without the consent of the plaintiff in error in violation of rule 5. The record showed simply the granting of the amendment and the giving of judgment. *Held,* that the writ should be denied, for the presumption was that the amendment was allowed upon notice.
4.  The more appropriate remedy of the plaintiff in error would be to move in the County Court that the case be brought forward and the judgment stricken off.

This was a writ of error to the Chittenden County Court and was heard upon motion to dismiss and demurrer.

The defendant in error, Wilbur, originally brought suit against the plaintiff in error, Prior, in the Burlington City Court, and there recovered judgment, from which an appeal was

taken to the County Court. The material allegations of the writ were as follows :

"That on said 21st day of January, 1890, judgment was rendered by said City Court in favor of said L. F. Wilbur, in said suit, and the same was appealed by the said Cyrus Prior, to the April term, 1890, of Chittenden County Court, and said appeal was duly entered in said court on the first day of said term, and on said day said Prior caused his appearance to be entered by his attorney, J. J. Monahan; that during said term and in the absence of said Prior and of his attorney, said writ was amended by striking out the common counts, and judgment was entered by the court for said Wilbur, without the consent of said Prior, as by the files and records of said County Court ready in court to be produced fully appears; and now the plaintiff in error complains and says that said court in proceeding to and rendering said final judgment manifestly erred and mistook the law, in this, to wit: that under rule 5, of the County Court rules, said suit was not a collection suit, and no judgment could lawfully be rendered at the first term in said suit, without the consent of the defendant."

The following is a transcript of the record in the County Court :

"204. Chittenden County Court, April term, 1890.

| | |
|---|---|
| L. F. Wilbur | Wilbur. |
| *v.* | |
| Cyrus Prior. | Monahan. |

Plaintiff has leave to amend by striking out general count. General count stricken out. Judgment for plaintiff. Clerk to assess.

Damages, $100.75
Costs, 20.89

Exn. issued May 16, 1890."

*Henry Ballard* and *J. J. Monahan*, for the plaintiff in error.

*L. F. Wilbur*, for the defendant in error.

No question of law was submitted to or passed upon by the County Court. The granting of an amendment is a matter of discretion.

*Carpenter* v. *Gookin*, 2 Vt. 495; *Bowman* v. *Stowell*, 21 Vt. 314; *Dana* v. *McClure*, 39 Vt. 197; *Probate Court* v. *Hall*, 14 Vt. 159; Roberts' Dig.; Subject, Amendment.

The action of the County Court as to matters of discretion cannot be reviewed in the Supreme Court.

*Cummings* v. *Fuller*, 13 Vt. 459; *Probate Court* v. *Hall*, 14 Vt. 159; *Perry* v. *Ward*, 18 Vt. 120; *Massouix* v. *Brigham*, 19 Vt. 457; *Rut. & Bur. R. R. Co.* v. *Wales*, 24 Vt. 299; *Squire* v. *Burgess*, 31 Vt. 466.

The enforcement of the rules of the County Court is matter of discretion.

*Na. Union Bank* v. *Marsh*, 46 Vt. 443.

Error in the proceedings of the court below will not be presumed.

*Bucklin* v. *Ward*, 7 Vt. 195; *Clarey* v. *McGlynn*, 46 Vt. 347, 357.

The opinion of the court was delivered by

MUNSON, J. It is evident that the record before us is insufficient to entitle the plaintiff in error to the relief sought. It cannot be seen from what appears of record that the action of the court below was improper. Every presumption is to be made in favor of the judgment that is not positively inconsistent with the record. *Campbell* v. *Patterson*, 7 Vt. 86. It certainly was within the discretion of the County Court, upon proper notice to the defendant, to permit the amendment and give judgment the first term. The record does not exclude the presumption that the defendant had notice of the plaintiff's motion in that behalf. The statements of the writ, if sufficient in tenor, cannot be taken to supplement the record. *Arthurton* v. *Durkee*, 2 D. Chip. 20. The aggrieved party should have procured an amendment of the record below before seeking to avail himself of this remedy. But there is open to him another, and we think a more appropriate, method of procedure. It is

Prior *v.* Wilbur.

within the power of the County Court to order the case brought forward and the judgment stricken off, and upon proper motion and showing this action would doubtless be taken.

After argument and before judgment, the plaintiff in error asks leave to withdraw his writ.

*Leave to withdraw granted on payment of defendant's costs, and record remitted.*