J. C. HOUGHTON, ADMR. OF C. W. PORTER'S ESTATE *v.* P. F. TOLMAN.

May Term, 1902.

Present: ROWELL, C. J., TYLER, MUNSON, START, WATSON, STAFFORD and HASELTON, JJ.

Opinion filed August 21, 1902.

*Statute of limitations—Mortgage note—Issues not disposed of.*

A note secured by real estate mortgage outlaws in six years from the time the cause of action thereon accrues.

When the record shows unsettled issues of fact joined to the country, it is error to render final judgment on demurrer.

GENERAL AND SPECIAL ASSUMPSIT. Pleas, the general issue and statute of limitations. Replication traversing the special plea to the first count; and, as to the second and third counts, that the notes therein declared upon were secured by real estate mortgage. Demurrer thereto. Heard on demurrer at the September Term, 1901, Washington County, *Start,* J., presiding. Demurrer sustained, *pro forma,* special replication ad-

judged insufficient, and judgment for the defendant. The plaintiff excepted.

*Edward H. Deavitt* for the plaintiff.

Payment of a mortgage debt is not presumed until 15 years have expired after the debt became due, or until 15 years after the last payment on the mortgage debt. *Merriam, Admr.* v. *Barton,* 14 Vt. 501; *Martin* v. *Bowker,* 19 Vt. 526; *Whitney* v. *French,* 25 Vt. 663; *Atkinson* v. *Peterson,* 46 Vt. 750; *Smith* v. *Insurance Co.,* 60 Vt. 682; *Dwight* v. *Eastman,* 62 Vt. 398.

The plaintiff contends that there is no statute of limitations as to the time within which actions may be commenced on debts secured by real estate mortgage, and therefore, a mortgage debt will not be presumed to be paid until 15 years have elapsed without a recognition of the mortgage debt. *Whitney* v. *French,* 25 Vt. 663; *Fletcher* v. *Fletcher's Estate,* 72 Vt. 268.

*George M. Powers* for the defendant.

The character of a promissory note is not changed, the remedies upon it are not effected, and the defences to it are not modified by the fact that it is secured by a real estate mortgage. It remains a simple contract, and the remedy by suit upon it expires in six years under V. S. 1199. Angell on Lim. (5 Ed.) 87; 2 Wood on Lim. 545; *Jackson* v. *Sackett,* 7 Wend. 94; 7 Waite's Actions and Defenses, 261.

The remedy, only, is barred; the obligation remains in force. And where a person has two distinct remedies, although arising from the same debt, as upon a promissory note and under a mortgage to secure the same, the statute runs upon such remedies independently. *Slaymaker* v. *Boyd,* 1 P. & W. 219; *Thayer* v. *Mann,* 19 Pick. 535; *Hanlon* v. *Hannon,* 123 Mass. 441; *Reed* v. *Shepley,* 6 Vt. 603; *Sparhawk* v. *Buell's Admr.* 9 Vt. 74.

RowELL, C. J. The question is whether a note secured by mortgage on real estate is within the provision of the Stat-

ute of Limitations that actions of assumpsit founded on a contract or liability expressed or implied shall be commenced within six years after the cause of action accrues and not after. This is a question of construction, concerning which the rule is, that when the statute is not restricted to particular causes of action, but provides that the action, by its technical denomination, shall be barred if not brought within the time limited, every cause for which it will lie is within the statute. *McCluny v. Silliman,* 3 Pet. 270; Black, Interp. Laws, 332. This rule brings the note in question clearly within the statute. That a note thus secured is within the statute, has often been recognized by this court without question. *Reed v. Shepley,* 6 Vt. 609; *Sparhawk v. Buell,* 9 Vt. 74; *Richmond v. Aiken,* 25 Vt. 326; *Gleason & Field v. Kinney's Admr.* 65 Vt. 564, 27 Atl. 208. Indeed, this doctrine is recognized everywhere. Note to *Kulp v. Kulp,* 21 L. R. A. 550; 13 Am. & Eng. Law (2 ed.), 785, 786. But some of the cases hold that when the note is barred, the mortgage, being a mere incident of the debt, is also barred. But this is not the general doctrine, and was never the doctrine of this court. COLLAMER, J., in *Reed v. Shepley,* 6 Vt. 609; REDFIELD, C. J., in *Richmond v. Aiken,* 25 Vt. 326. The true doctrine is, that the Statute of Limitations does not extinguish the debt, but only bars the remedy; and that a mortgagee has two independent remedies, one upon the note, barred in six or fourteen years, according to whether the note is witnessed or not, and one upon the mortgage, barred in fifteen years, in analogy to the statute barring the right of entry into houses and lands in that time, and that the loss, for any reason, of either of those remedies does not affect the other, if the debt remains unpaid.

Plaintiff's counsel dwells upon what the court has said in many cases about not presuming a mortgage to be paid until it has lain dormant fifteen years, and claims that that is impliedly

saying that the remedy on the note lasts as long as the remedy on the mortgage.   But as the debt is not extinguished by barring the remedy on the note, but continues to exist for all purposes of foreclosing the mortgage until that remedy is barred also, the implication does not arise.

The court below was right, therefore, in sustaining the demurrer, but wrong in rendering final judgment for the defendant, as issues of fact stood joined to the country on the record, not disposed of.

*Judgment reversed, demurrer sustained, that part of the replication to which it relates adjudged insufficient, and cause remanded.*