JAMES OAKES ET AL. *v.* EMMA F. BUCKMAN.

May Term, 1913.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed October 17, 1913.

*Reference—Report—Premature Judgment—Motion to Recommit—Decision—Review—Presumptions—Interest—Funds in Litigation—Trustee Process— Tender — Sufficiency — Evidence—Admissions—Pleadings—General Issue.*

A party who duly excepts to the report of a referee is entitled to a decision on his exceptions, and so it would be error to render judgment on the report without passing on those exceptions.

A party properly raising a question by a motion addressed to the discretion of the trial court is entitled to have the question considered and the motion disposed of.

On writ of error, every presumption that is not inconsistent with the record must be made in favor of the judgment, and so, where the record does not show that, before rendition of final judgment, the lower court failed to dispose of the exceptor's exceptions to a referee's report and motion to recommit it, it will be presumed that those matters were duly disposed of.

The pendency of trustee process against the maker of an overdue promissory note that has no stipulation as to interest does not suspend the interest.

An unaccepted insufficient tender, though paid into court, is of no effect, but an accepted insufficient tender is a payment *pro tanto.*

While ordinarily pleadings in a cause are judicial admissions of the facts therein recited, where defendant pleaded the general issue with notice of special defences and also special pleas in bar, both court and counsel should have ignored the special pleas as irregular, and so a replication thereto cannot constitute a judicial admission of the recited facts.

WRIT OF ERROR brought to the Supreme Court for the County of Windham, and heard at its May Term, 1913. The opinion states the case.

*H. G. Barber* and *F. E. Barber* for the plaintiff in error.

*E. W. Gibson, Charles S. Chase* and *William R. Daley* for the defendant in error.

Powers, J.   The record brought up for review by this writ of error shows that the defendant in error brought a suit against the plaintiffs in error returnable to the Windham County Court. The controversy therein related to the amount due on a certain promissory note; and this depended upon the effect to be given to a certain tender made by the plaintiffs in error, in connection with the replication of the defendant in error to a plea thereof. That case was sent out to a referee, and when the report came in, the plaintiffs in error filed exceptions thereto, and at the same time filed a motion to recommit the report for further findings.   The record does not expressly show that these exceptions to the report were disposed of, or this motion to recommit passed upon below.   Neither does it expressly show that they were not.   Judgment was rendered for the plaintiff therein, the defendant in error.

One of the errors assigned is the alleged failure of the county court to pass upon the exceptions and motion; others relate to the amount of the judgment.   It is quite apparent that the exceptions to the report raised questions which the trial court was bound to consider, and dispose of according to law. The plaintiff in error could demand a decision of these questions as a matter of right.   To render judgment on the report without passing upon these exceptions would be much like ignoring an issue joined on the record and rendering judgment, which is erroneous.   *Souder* v. *Home Friendly Soc.,* (Md.) 20 Atl. 137; *Piper* v. *B. & M. R. R.,* (N. H.) 75 Atl. 1041; *Batchelder* v. *Kinney,* 44 Vt. 150; *Houghton* v. *Tolman,* 74 Vt. 467, 52 Atl. 1032; *Library Bureau* v. *Hooker, Corser & Mitchell Co.,* 84 Vt. 530, 80 Atl. 660.   It is also much like rendering a premature judgment, which is ground for reversal.   *Jenness* v. *Simpson,* 84 Vt. 127, 78 Atl. 886.   The motion, also, raised questions which the court was bound to consider; though it could dispose of them as a matter of discretion, the exercise of which the plaintiffs in error could demand as a matter of right.   *Lincoln* v. *C. V. Ry. Co.,* 82 Vt. 187, 72 Atl. 821, 137 Am. St. Rep. 998.

But the record does not affirmatively show that these matters were not passed upon below; and, since the court could not properly render judgment until they were disposed of, it will here be presumed, in aid of the judgment, that it overruled the exceptions and denied the motion. This results from familiar rules. Upon a writ of error every presumption which is not positively inconsistent with the record is to be made in favor of the judgment. *Prior* v. *Wilbur,* 63 Vt. 407, 22 Atl. 74. The record before us does not exclude the presumption that we make, consequently the rule applies. In *Armstrong* v. *Colby,* 47 Vt. 359, the record did not expressly show that a judgment had been entered. It did show that a verdict was rendered, and that exceptions were allowed and execution stayed; and this was held to be enough to show a judgment. In *State* v. *Shaw,* 73 Vt. 149, 50 Atl. 863, docket entries showed that the respondent's bail was fixed by the court; and this was held to be enough to show by intendment that the respondent was then before the court.

So it is held that a demurrer, which the record does not show to have been passed upon below, will, on review, be presumed to have been overruled. *McGraw* v. *Traders National Bank,* (W. Va.) 63 S. E. 398; *Smith* v. *Clyne,* 16 Idaho 466, 101 Pac. 819; *Pope* v. *Whitridge,* 110 Md. 468, 73 Atl. 281. In some jurisdictions the presumption is that the demurrer was waived. *Zavelo* v. *Leichtman, Goodman & Co.,* (Ala.) 54 So. 537; *Madden* v. *Meehan,* 151 Ky. 220, 151 S. W. 681; *Whitmire* v. *Farmers National Bank,* (Tex.) 97 S. W. 512.

When the original suit between these parties was brought, there was pending an action in which one of these plaintiffs in error was summoned as trustee on account of the note in question. When he learned that the trustee suit was arranged in a way to release him, he made a tender of the costs which had accrued on the suit of the defendant in error together with a certain sum to cover the unpaid balance of the note, paid the same into court, and pleaded the same. To this plea, the defendant in error filed a replication wherein she admitted the tender, accepted the same, and alleged that as to that sum she was satisfied. She did not otherwise accept the tender, and it remained with the clerk until after judgment was rendered below.

In order to establish the sufficiency of the tender, the plaintiffs in error insist that the note in question did not bear in-

terest while it was tied up by the trustee suit referred to; that this note did not bear interest by force of its terms, but only as damages for its non-payment; and that on such a note interest stops when a trustee writ is served on the maker, though a note bearing interest by its terms would continue to bear interest during the pendency of the trustee suit; and they cite *Smith* v. *Flanders,* 129 Mass. 322, and some other cases wherein this distinction is made and approved. But, assuming that the plaintiffs in error are right when they say that this note does not bear interest by its terms, it was overdue when trusteed and the rule which they invoke is not the rule of this Court. In *Lyman* v. *Orr,* 26 Vt. 119, relied upon by the plaintiffs in error, the debt, at the time of the service of the trustee process, did not bear interest at all; while in *Baker* v. *C. V. R. R. Co.,* 56 Vt. 302, the debt trusteed was then interest bearing only because it was overdue. It was held that the running of interest was not interrupted by the service of the trustee process. That decision is controlling here, and the amount tendered was insufficient to cover the sum due on the note.

An insufficient tender, though paid into court, is of no effect. *Meeker* v. *Hurd,* 31 Vt. 639. But an accepted tender, though insufficient, operates as a payment *pro tanto. Goslin* v. *Hodson,* 24 Vt. 140; *Carpenter* v. *Welch,* 40 Vt. 251. So the sufficiency of the acceptance contained in the replication referred to stands for consideration. Ordinarily, the pleadings in a cause are, for the purposes of use therein, judicial admissions of the facts which they set forth. 2 Wig. Ev. §1064. And as such they are conclusive and irrevocable. Jones Ev. §272; *U. S.* v. *U. S. Fidelity & Guaranty Co.,* 83 Vt. 278, 75 Atl. 280; *Wiley* v. *Rutland R. R. Co.,* 86 Vt. 504, 86 Atl. 808. But it appears by the record that the defendants in that suit pleaded the general issue with notice of special defences, and also pleaded four special pleas. Such pleading is irregular and unwarranted, and both court and counsel should have ignored the special pleas. *Lee* v. *Follensby & Peck,* 83 Vt. 35, 74 Atl. 327, 138 Am. St. Rep. 1061; *Powers* v. *Rutland R. R. Co.,* 83 Vt. 415, 76 Atl. 110. The replication to the special plea of tender was wholly gratuitous and of no effect. It was not properly a pleading in the cause; it was a mere nullity; and therefore did not amount to a judicial admission of the acceptance of the amount tendered. The question as to its effect as an ordinary admission is not before us.

The tender being unaccepted, so far as the record shows, and being insufficient as we have seen, cuts no figure in the computation of the note and the judgment shows no error.

*Judgment affirmed.*