ENOCH R. CAMERON *v.* HENRY BAILEY.

(86 A2d 643)

January Term, 1952.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY and ADAMS, JJ., and CHASE, Supr. J.

Opinion Filed February 5, 1952.

*Finn, Monti & Davis* for the plaintiff.

*Raymond B. Daniels* and *Frederick M. Reed* for the defendant.

CLEARY, J.   This is an action of tort for trespass q.c.f.   The defendant answered, denying the allegations in the plaintiff's complaint and also claiming possession and the right of possession in the

land and premises in question as the assignee of a mortgage, "said possession having been peaceably obtained and said mortgage having never been satisfied." Trial was by jury. At the close of the evidence both parties moved for a directed verdict. The court denied the plaintiff's motion, granted the defendant's motion, directed a verdict and entered judgment on the verdict for the defendant. The case is here on the plaintiff's exceptions.

Mary J. Allen acquired the property in question by quit claim deed on March 14, 1914, and remained in possession of the property until her death on February 17, 1929. No administration was ever taken out on her estate but the plaintiff claims title and the right to possession because of a quitclaim deed to him from all of Mary J. Allen's heirs, dated October 1947. On March 24, 1914, Mary J. Allen mortgaged the property to the Granite Trust Co. of Hardwick, Vermont, to secure a demand note of the same date. The note and mortgage were later endorsed and assigned to the Hardwick Trust Company and on December 23, 1942, were endorsed and assigned to the defendant. He was in possession of the property and claimed to own it at the time the plaintiff brought suit.

The plaintiff excepted to the ruling on the motions for directed verdicts on numerous grounds. The court below gave two reasons for its ruling: 1. That the plaintiff had failed to prove that he had possession or the immediate right to possession of the property; 2. That the defendant was in possession of the property, both at the time the plaintiff obtained his deed and at the time the plaintiff brought suit, and, at both of these times, the defendant had the right of immediate possession as assignee of the mortgagee.

On the evidence in the case as it was tried the defendant's right of possession depended upon the endorsements of payments on the mortgage note. Unless they were proved the defendant did not have the right of possession because he had not entered into possession under the mortgage before the fifteen year period limited by the statute had run. Study of the transcript fails to show any evidence of payment other than the endorsements. Because they were insufficient to establish payment the defendant's proof failed. *Crahan* v. *Town of Chittenden,* 82 Vt 410, 414, 74 A 86; *Horicon* v. *Estate of Langlois,* 115 Vt 470, 475, 66 A2d 16, 9 ALR2d 195.

The defendant argues that he was rightfully in possession, regardless of proof of payment, because of the death of the mortgagor before the fifteen year period of limitation had run and because her

estate has never been probated. Though the period of limitation for bringing an action, V. S. 47, § 1682, ceased to operate at the death of the mortgagor, V. S. 47, § 1705, the period limiting the right or title of entry under the mortgage to fifteen years from the time such right of entry accrued, continued to operate. V. S. 47, § 1683. That section takes away the right of entry. *Hughes* v. *Graves,* 39 Vt 359, 365. It is not affected by V. S. 47, § 1705. The note, being payable on demand, became overdue within a reasonable time, not more than sixty days after its date. *Camp* v. *Scott,* 14 Vt 387, 390. Under the circumstances here shown the mortgagee's right of entry accrued at that time and the defendant, as assignee of the mortgage, not having entered within the time prescribed by the statute, lost his right of entry.

The defendant claims title by adverse possession. But the undisputed evidence showed that his possession was not hostile and continuous for fifteen years, which are necessary under the rule in this State. *Barrell* v. *Renehan,* 114 Vt 23, 29, 39 A2d 330 ; *Scampini* v. *Rizzi,* 106 Vt 281, 286, 172 A 619. So he was not entitled to have that issue submitted to the jury.

The defendant claims that the only proper procedure for the plaintiff or the heirs of Mary J. Allen to have followed for the recovery of, or re-entry into, possession of the property was by petition to the probate court under the provision of V. S. 47, §§ 2980-2983. But in the case at bar the interests of the heirs have been conveyed and no claim is made that their interests were defectively conveyed. So the sections of the statutes referred to do not apply.

For the reasons stated *supra* the court erred in directing a verdict for the defendant. The court also erred in denying the plaintiff's motion for a verdict because on the evidence in the case as it was tried the plaintiff had proved his right to possession and the trespass by the defendant.

It is unnecessary to discuss the plaintiff's exceptions to the admission of evidence. In his brief the plaintiff claimed only reversible error. He now asks for judgment for a definite amount. The request cannot be granted because the evidence on damages viewed in the light most favorable to the defendant, does not show the plaintiff entitled to the amount he now claims.

We have the discretionary power to remand a case so that no injustice may be done. *In re Peters Estate,* 116 Vt 32, 39, 69 A2d 281. Enough appears in the record to satisfy us that the de-

fendant may be able to prove that the payments shown by the endorsements on the note were actually made. If so a jury might find that he has a meritorious defense and was rightfully in possession at the time of the alleged trespass. We think he should be given that opportunity. *Essex Chair Co.* v. *Fine Furniture Co.,* 116 Vt 145, 148, 70 A2d 578.

*The judgment is reversed and the cause remanded for a new trial on all issues.*