## George Huntington v. William M. McCarty and Patricia Baker

[807 A.2d 950]

No. 00-545

Present: **Amestoy, C.J., Dooley, Morse, Johnson and Skoglund, JJ.**

Opinion Filed June 28, 2002

*Richard E. Davis, Jr.*, Barre, for Plaintiff-Appellee.

*Anthony Z. Roisman* and *P. Scott McGee* of *Hershenson, Carter, Scott & McGee*, Norwich, for Defendant-Appellant.

**Amestoy, C.J.** Defendant Patricia Raitt Baker appeals an Orange Superior Court order denying her motion to dismiss a foreclosure action filed by plaintiff George Huntington. On appeal, this Court is asked to determine whether an enforceable mortgage debt can survive when the statute of limitations has run on the underlying promissory note and what remedy, if any, the mortgagee retains. We affirm.

The parties have stipulated to the following facts on appeal, pursuant to V.R.A.P. 10(d). In November 1990, Patricia Raitt Baker issued a promissory note in the amount of $9,000 to George Huntington, with the principle and interest due in November of 1991. The note was secured in December 1990 by a mortgage deed. Raitt Baker made no payments to Huntington, and therefore, in November 1991, was in default on the note.

In August 1998, nearly seven years after Raitt Baker had defaulted, Huntington filed a complaint for foreclosure on the mortgage in Orange Superior Court. Raitt Baker filed a motion to dismiss, claiming that the six-year statute of limitations applicable to promissory notes had run and rendered both the note, and the mortgage securing it, unenforceable. The trial court, in a February 1999 order, held the note was barred by the six-year statute of limitations but found the mortgage deed was governed by a fifteen-year statute of limitations, and accordingly, was still enforceable pursuant to 12 V.S.A. § 502.

Following the original order, the parties stipulated to vacate and revise the judgment. In an October 2000 revised judgment order, the court, based on the stipulation of the parties, awarded Huntington foreclosure by power of sale, with a six month redemption period for Raitt Baker, but stayed execution of the foreclosure pending Raitt Baker's appeal to this Court.

On appeal, Raitt Baker argues: (1) that the mortgage is unenforceable where the statute of limitations has run on the underlying promissory note; and (2) that the power of sale is a remedy governed by the statute of limitations for the promissory note; hence even if the mortgage is enforceable, so long as the note is unenforceable, the remedy of the power of sale is not available. Because we find that the obligations under the mortgage are enforceable even where the statute of limitations on the promissory note has run, and that the remedy of power of sale survives the statute of limitations, we affirm.

Where a promissory note is secured by a mortgage, the mortgage is an incident to the note. *Island Pond Nat'l Bank v. Lacroix*, 104 Vt. 282, 294-95, 158 A. 684, 690 (1932). However, a promissory note and a mortgage are individually governed by different statutes of limitations — the enforcement of a note is a civil action with a six-year statute of limitations, 12 V.S.A. § 511, whereas enforcement of a mortgage is an action in land with a fifteen-year statute of limitations. 12 V.S.A. § 502; *Cameron v. Bailey*, 117 Vt. 158, 160, 86 A.2d 643, 645 (1952). Raitt Baker argues that where a promissory note is secured by a mortgage,

and the statute of limitations has run on the note, both the note and the mortgage are unenforceable.

The question of the applicability of the statute of limitations is one of law, *Fitzgerald v. Congleton*, 155 Vt. 283, 294, 583 A.2d 595, 602 (1990); accordingly, our review is de novo. *State v. Longe*, 170 Vt. 35, 36, 743 A.2d 569, 570 (1999). A century ago, in *Houghton v. Tolman*, 74 Vt. 467, 469-70, 52 A. 1032, 1033 (1902), we held that the remedies under a mortgage survive the extinguishment of the note:

> The true doctrine is, that the [s]tatute of [l]imitations does not extinguish the debt, but only bars the remedy; and that a mortgagee has two independent remedies, one upon the note . . . and one upon the mortgage . . .
>
> the debt is not extinguished by barring the remedy on the note, but continues to exist for all purposes of foreclosing the mortgage until that remedy is barred also . . . .

Raitt Baker argues that since *Houghton*, this Court has moved away from the doctrine expounded in that case, and now hold that mortgage actions are concurrent with actions on the debt, citing *Island Pond National Bank*, 104 Vt. at 294, 158 A. at 690. While this precedent stands for the proposition that a note, secured with a mortgage, is to be "construed together as if they were parts of the same instrument," *id.* at 294-95, 158 A. at 690, we have not yet extended this principle specifically to the time limitations set forth on each of the separate actions.

Moreover, the rule set forth in *Houghton* is neither new to Vermont law, see *Gleason v. Kinney's Administrator*, 65 Vt. 560, 564, 27 A. 208, 209 (1893) ("if secured by the mortgage, as we hold, the age of the note does not defeat its recovery under the mortgage so long as the mortgage is a subsisting security"), nor is it inconsistent with the majority rule, prevalent in title jurisdictions, such as Vermont, that the mortgage is unaffected by a barring of remedy on the debt. See Note, *The Relation of the Equitable Doctrine of Subrogation to Vermont's Strict Foreclosure Laws*, 7 Vt. L. Rev. 71, 77-78 (1982) ("Vermont is a 'title' state; as such, it recognizes a mortgage deed as purporting to convey legal title . . . ."); G. Osborne, Law of Mortgages § 296 (2d ed. 1970) (majority rule holds even where a note is barred from enforcement by the statute of limitations, mortgagee may maintain an action of foreclosure on the mortgage deed as the statute of limitations

bars remedy on debt but not the right).[1] The mortgage is enforceable beyond the barring of the note because, as we reasoned in *Houghton*, the statute of limitations bars the remedy alone on the note, and not the underlying debt. 74 Vt. at 469, 52 A. at 1033. Statutes of limitations are intended to ensure that a defendant can " 'be secure in [their] reasonable expectation that the slate has been wiped clean of ancient obligations.' " *Investment Props., Inc. v. Lyttle*, 169 Vt. 487, 492, 739 A.2d 1222, 1226 (1999) (alteration in original) (citing Note *Developments in the Law — Statutes of Limitations*, 63 Harv. L. Rev. 1177, 1185 (1950)). In the case of a promissory note *secured* by a mortgage, however, the impetus of securing a debt with a mortgage is to provide the mortgagee with certain protections that the promissory note alone does not provide. Among these protections, to which both parties to a mortgage implicitly agree, is an extended statute of limitations which allows a mortgagee to enforce the debt beyond the life of the promissory note. In such case, it is entirely within a defendant's "*reasonable* expectation[s]," *id.* (emphasis added), that they are bound to the terms of the mortgage for a period of fifteen years after the defendant defaulted on the mortgage.

Raitt Baker asserts, however, that even if we conclude — as we have — that an enforceable mortgage debt can survive when the statute of limitations has run on the underlying promissory note, plaintiff's only remedy is strict foreclosure. Raitt Baker argues that the remedy of strict foreclosure is barred in this case because the power of sale remedy has been invoked and that remedy is unavailable because the underlying debt is barred by the six-year statute of limitations. Raitt Baker's contention is that strict foreclosure is a remedy for recovery of land whereas a power of sale relates only to a debt and thus should be construed as an action for recovery of money for which the applicable statute of limitations is provided by 12 V.S.A. § 511.[2]

---

[1] See, e.g., *Sipe v. McKenna*, 200 P.2d 61, 64 (Cal. Ct. App. 1948) (running of statute of limitations "on the principle obligation did not extinguish the debt or operate as payment"); *Markham v. Smith*, 176 A. 880, 882 (Conn. 1935) (same); *Del Norte, Inc. v. Provencher*, 703 A.2d 890, 893 (N.H. 1997) (same).

[2] The parties devote a considerable portion of their briefing to argument about whether the power of sale was invoked. This may be explained by plaintiff's implicit acceptance of defendant's theory that if we find the power of sale has been invoked, we must conclude that the six-year statute of limitations controls. We disagree. Moreover, it is disingenuous, at the very least, for Raitt Baker to assert, on appeal, that her purpose in entering into a stipulated judgment providing for a power of sale was to eliminate the remedy.

In *Houghton*, we noted that the statute of limitations may bar enforcement of the note by extinguishing the remedy; however, we also found that the mortgagee had not only an action on the note, but also one on the mortgage. 74 Vt. at 469, 52 A. at 1033. Vermont favored strict foreclosure, the most harsh of the mortgage remedies, for many years. Note, *supra*, 7 Vt. L. Rev. at 77-79. However, in 1974, the Legislature created two more remedies on the foreclosure of a mortgage: (1) judicial sale in cases where the United States is a party to the foreclosure; and (2) the power of sale. *Id.* The law, codified as 12 V.S.A. § 4531a, allowed the power of sale to be used as a remedy where it was provided for in an express provision of the deed or instrument, and where one of the parties to the mortgage invoked the remedy in either the complaint or the answer. *Id.*

Raitt Baker's argument asks us to conclude that the Vermont Legislature created the power of sale as a remedy to a mortgage deed, but did not in fact intend for that remedy to survive so long as the deed was enforceable. We cannot do so. In construing a statute to determine legislative intent, we look first to the language of the statute, presuming the plain and ordinary meaning of the language. *In re Handy*, 171 Vt. 336, 341, 764 A.2d 1226, 1232-33 (2000). "It is inappropriate to read into a statute something which is not there unless it is *necessary* in order to make the statute effective." *Id.* at 341, 764 A.2d at 1233 (internal quotations omitted) (emphasis in the original). In this case, the insertion into 12 V.S.A. § 4531a, on our part, of a statute of limitations separate from that set forth for mortgage deeds in 12 V.S.A. § 502, is not only unnecessary, but would be contrary to the intent and purpose of creating an alternative remedy to strict foreclosure. Other jurisdictions have also held that where the legislature has not specifically provided for a specific statute of limitations on the power of sale, the courts should not read them into the law. *National Tailoring Co. v. Scott*, 196 P.2d 387, 394 (Wyo. 1948) (Wyoming Supreme Court held where statute of limitations is silent as whether the power of sale is barred, court could not read as much into statute); *Sipe v. McKenna*, 200 P.2d 61, 64 (Cal. Ct. App. 1948) (where no statute specifically provides "[t]he power of sale under a deed of trust may be exercised after an action on the principal obligation is barred"), *superseded by statute*, Cal. Civil Code § 882.020(a)(1) (cum. supp. 2002).

█ Moreover, in this case, we see no reason why the parties should not be bound by the terms of the stipulated judgment, including the term to which they both agreed — that the property, if foreclosed,

would be foreclosed under the power of sale. The mortgage deed at issue in this case provided for the power of sale. Furthermore, while Raitt Baker's pro se answer to the complaint did not explicitly invoke the words "power of sale," she indicated that she built equity in the property which she felt should be returned to her in the event of foreclosure. These facts, in light of the parties' stipulation to invoke the power of sale, are enough to establish that 12 V.S.A. § 4531a(a) was invoked, and the trial court properly ordered foreclosure by power of sale.

*Affirmed.*