Acquired Capital I, L.P. v. Griffin, No. S0916-11 CnC (Crawford, J., Dec. 1, 2011)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT

SUPERIOR COURT                                    CIVIL DIVISION
CHITTENDEN UNIT                                   DOCKET NO.: 916-11 CnC

ACQUIRED CAPITAL I, L.P.

v.

KAREN GRIFFIN et al

DECISION ON MOTION TO DISMISS

This dispute concerns the consequences of losing a promissory note secured by a mortgage.

The facts as laid out in the complaint are:

On January 12, 2000, Libby's Diner Inc. executed a promissory note in the amount of $20,000 in favor of KeyBank National Association. Karen and Elizabeth Griffin signed as personal guarantors. Karen and Elizabeth Griffin and Peter Gallagher also executed a mortgage on their residence to secure the note, the personal guaranty, and other loan agreements.

On September 15, 2011, a vice president of KeyBank signed an affidavit stating that the note was lost. The next day KeyBank sold the obligation to Acquired Capital. A copy of the note was endorsed to the order of Acquired Capital.

The note is in default. Plaintiff Acquired Capital has filed a foreclosure case against the Griffins' residence.

ANALYSIS

Defendant argues that the loss of the note is fatal to the claim against her. Plaintiff contends that § 3-309 of the Uniform Commercial Code, 9A V.S.A. § 3-309, authorizes Acquired Capital to enforce the promissory note as if it were in possession. Section 3-309 provides in relevant part:

> (a) A person not in possession of an instrument is entitled to enforce the instrument if (i)the person was in possession of the instrument and entitled to enforce it when loss of possession occurred, (ii) the loss of possession was not the result of a transfer by the person or a lawful seizure, and (iii) the person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.

The court agrees with neither position.

First, with respect to the defendant's argument that the loss of the note excuses any further payment, the loss of the note may cause difficulties with proof and it will result in the loss of protections afforded to a holder in due course, but it does not relieve the borrower and its guarantors from the underlying obligation to repay the debt.

> Note that 3-309 allows the entitled person only to "enforce the instrument." This is not a suit on the underlying liability. Section 3-310(b)(4) makes it clear that the suit is on the instrument and cannot be on the underlying obligation.

White and Summers, *Uniform Commercial Code* 553 (2000). The claim that Libby's Diner has not repaid its loan is not defeated because the note evidencing the obligation cannot be found. Plaintiff is entitled to sue Libby's Diner, Inc. for the unpaid debt if it chooses to do so.

Second, with respect to the plaintiff's argument that section 3-309 creates an alternative basis upon which it can sue on the note, the facts are clear from the complaint that plaintiff does not meet the requirements of § 3-309 because it was never in possession of the note. The note was declared lost the day before it was assigned to plaintiff. This case is the polar opposite of *In Re Montagne*, 421 B.R. 65 (Br.Ct.of Vt 2009), in which the lost note never left the possession of the entity which originated the loan, sold a participation to a bank, and then accepted the loan back as assignee. In the present case, Acquired Capital came on the scene only after the note was lost. It cannot be said to be a person "in possession of the instrument and entitled to enforce it when loss of possession occurred."

The next step of the analysis is to consider what effect the loss of the note has on this case which is a mortgage foreclosure, not a suit against the debtor or the guarantors. The foreclosure case exists separate from any lawsuit on the note. It is subject to a different statute of limitations (fifteen years instead of six), *Huntington v. McCarty*, 174 Vt. 69 (2002), and -- as in this case – can be filed independently. As an action in rem, it results only in foreclosure on property interests and imposes no personal liability on any party. The plaintiff in this case does not even seek a deficiency judgment.

The effect of these ancient principles in this case is that the elements of the foreclosure case do not include possession of the note by the plaintiff-assignee. See *New England Savings Bank v. Bedford Realty Corp*, 680 A.2d 301, 309 (Ct. 1996)("[T]he fact that [the assignee] never possessed the lost promissory note is not fatal to its foreclosure of the mortgage.") It would be sufficient for the plaintiff to prove that its predecessor KeyBank was owed a debt by Libby's Diner, Inc., that the debt was secured by the mortgage, that the debt is in default, and that the original lender assigned its interest in the debt and mortgage to the plaintiff. The original note would be helpful to prove these elements, but its production is not an essential element of the case.

2

CONCLUSION

The motion to dismiss is DENIED.

Dated:                                                   _____
                                                         Geoffrey Crawford,
                                                         Superior Court Judge