*Rushing Creek, LLC v. CMGC Building Corp*, No. 78-2-14 Wmcv (Wesley, J., Aug. 13, 2014).

[The text of this Vermont trial court opinion is unofficial.  It has been reformatted from the original.  The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

SUPERIOR COURT                                                   CIVIL DIVISION
Windham Unit                                              Docket No. 78-2-14 Wmcv

---

## Rushing Creek LLC vs. CMGC Building Corp. et al

## ENTRY REGARDING MOTION

Count 3, Foreclosure (78-2-14 Wmcv)
Count 4, Foreclosure (78-2-14 Wmcv)

Title:          Motion to Dismiss Pursuant to VRCP 12b6 (Motion 1)
Filer:          802 Creative Partners, Inc.
Attorney:    Karl C. Anderson
Filed Date:  February 24, 2014

Response filed on 03/20/2014 by Attorney Robert M. Fisher for
Response filed on 04/23/2014 by Attorney Karl C. Anderson for Defendant W.E. Andrews, a division of

**The motion is GRANTED.**

### OPINION AND ORDER
### GRANTING DEFENDANTS' MOTION TO DISMISS
### COUNT I FOR FORECLOSURE

        This foreclosure matter was filed on February 20, 2014. In Count I, Plaintiff seeks foreclosure against real property.  In Count II, apparently with respect to alleged default on financial obligations separate from those described in Count I, Plaintiff seeks foreclosure of security interests in personal property. [1]

        On February 24, 2014, Defendants Creative Partners, Inc., W.E. Andrews, and Pierce Williams Productions (collectively, "Judgment Creditor Defendants") moved to dismiss the

---

[1] This unusual foreclosure action already includes an entry by the Court questioning the appearance of Robert Fisher, Esq. as counsel for both Plaintiff and Defendant Hermitage Inn Real Estate Holding Co. LLC.  Atty. Fisher acknowledged the violation of V.R.P.C. 1.7(a)(1) and moved to withdraw as counsel for each party, which was granted.  Despite the Court's entry of April 14, 2014 requiring Hermitage to cause notice of substitution of counsel no later than May 14, no appearance by counsel has been filed.  In his motion to withdraw, Atty. Fisher described a "strategy devised to foreclose out the judgment lien holders."  The strategy involved the ostensible purchase of the mortgage by Plaintiff, which is a member and subsidiary of Hermitage, whose principal, James R. Barnes, is also the manager of Rushing Creek.  As Atty. Fisher further explained his dual role: "Similar to pre-packaged bankrupcies, the present case is essentially a pre-packaged foreclosure action to foreclose out junior judgment creditors."

complaint.[2] On March 20, 2014, Plaintiff filed its opposition. Judgment Creditor Defendants filed a reply in further support of their motion on April 23, 2014.

**Discussion**

Plaintiff seeks to foreclose junior lienholders, including Judgment Creditor Defendants. In response, Judgment Creditor Defendants challenge Plaintiff's standing to foreclose. According to Judgment Creditor Defendants, Plaintiff has failed to produce the note upon which the mortgage is premised, which is required for a valid complaint, and therefore cannot foreclose.

V.R.C.P. 80.1(b) requires that "The plaintiff … attach to the complaint copies of the original note and mortgage deed and proof of ownership thereof, including copies of all original endorsements and assignments of the note and mortgage deed. The plaintiff shall plead in its complaint that the originals are in the possession and control of the plaintiff or that the plaintiff is otherwise entitled to enforce the mortgage note pursuant to the Uniform Commercial Code."[3]

Judgment Creditor Defendants argue Plaintiff has fallen far short of the requirements with respect to the production of the original note and therefore the complaint is defective. Specifically, they argue that Plaintiff has not produced the original note and instead attempts to rely upon a mortgage assignment which specifies that the mortgage in question secures a March 3, 2007 note for $4,299,495.[4] In conjunction with that assignment, Plaintiff pleads that it is in possession of eight other promissory notes, none dated March 3, 2007 and each by its terms reciting that it is unsecured, which total approximately $4,299,495.[5] Plaintiff produces no formal assignment for any of the notes, nor have any of them been endorsed to Plaintiff or in blank. Judgment Creditor Defendants argue that since the mortgage and the assignment both make reference to a single note dated March 3, 2007 in the amount of $4,299,495, Plaintiff's assertion of the right to foreclose based on possession of the series of notes approximating that amount is insufficient to support standing.

In general, "[t]o enforce a promissory note or mortgage under [9A V.S.A.] § 3-301(I) … a person must be in possession of the instrument at the time that the enforcement action is filed and the instrument must be payable to the person or to the order of the person." *Wells Fargo Bank Minnesota, N.A. v. Rouleau, 2012 VT 19, § 13, 191 Vt. 302.* In *U.S. Bank Nat'l Ass'n v. Kimball*, 2011 VT 81, 190 Vt. 210, the Supreme Court strictly construed the formal requirements of assignment of the note while affirming summary judgment against plaintiff bank for lack of

---

[2] In several places, the motion appears to generally attack the entire complaint. However, by the Court's assessment, the analysis does not go beyond defects in Count I. Thus, the Court has not analyzed the sufficiency of Count II to state a cause of action.

[3] These requirements were added to Rule 80.1(b) by statute in 2009

[4] The typewritten assignment as created referenced a different amount associated with the March 3, 2007 note, which was struck out and replaced by the figure $4,299,495 by handwritten modification.

[5] The amounts and dates of these notes are as follows: $1,000,000, October 5, 2005; $215,000, June 7, 2006; $5,990.75, July 1, 2005; $160,000, February 22, 2006; $135,000, December 22, 2005; $265,000, November 8, 2005; $59,002.51, July 1, 2005; $2,459,501.51, July 1, 2005. They total $4,299,494.77.

standing. "To foreclose a mortgage, a plaintiff must demonstrate that it has a right to enforce the note, and without such ownership, the plaintiff lacks standing." *Id.*, § 13. Here, Plaintiff produces an assignment of a mortgage backed by a note, but not the note itself. Thus, it appears to lack standing. Plaintiff argues that it has produced the equivalent of the note in the form of eight separate notes which total a like amount. However, the notes produced are, by their own terms, unsecured. On their face they contain no reference which would relate them to the mortgage securing the real property subject to these foreclosure proceedings. Furthermore, despite Plaintiff's possession of the notes, they lack facial indication that Plaintiff acquired them through a valid transfer.

Plaintiff argues that a clause in the mortgage applying to other debts – the so-called "dragnet clause" – brings the other notes within the security interest created by the mortgage. Plaintiff urges that, based on the "dragnet clause", the other notes it possesses establish its standing to foreclose, despite its inability to produce the single promissory note dated March 30, 2007, to which the mortgage and the assignment refers. As argued by Judgment Creditor Defendants, it is doubtful that the "dragnet clause" supports Plaintiff's standing to enforce the payment of the other notes through this foreclosure action, in the absence of the March 3,2007 note referred to in the mortgage and assignment. See, *Bloom v. First Vermont Bank and Trust Co.*, 133 Vt. 407 (1975); *Judge Development Corp v. Bank of New York*, 814 F.Supp. 384, 387 (D. Vt. 1993). More significantly, however, even assuming the "dragnet clause" could be shown to apply, Plaintiff has not made the threshold demonstration now required to plead standing with respect to its right to enforce the other notes. Plaintiff has produced only an assignment that refers to a single March 3, 2007 note, which, as discussed above, has not been produced. The eight notes which were produced bear no endorsements to Plaintiff and Plaintiff has produced no assignment relating to them. Plaintiff's possession of the notes without an assignment or endorsement does not establish that the notes were properly transferred or that Plaintiff is a party entitled to enforce them. 9A V.S.A.§ 3-301; *Kimball* at ¶ 14.

"[A] plaintiff in an enforcement action establishes its standing if it is in possession of the original note and mortgage at the time the complaint is filed and the instruments are made payable to the plaintiff." *Rouleau*, § 12. See also *Kimball*, § 14. Further, "[w]hile a plaintiff in a foreclosure should also have assignment of the mortgage, it is the note that is important because '[w]here a promissory note is secured by a mortgage, the mortgage is an incident to the note,'" *Kimball*, § 13, quoting *Huntington v. McCarthy*, 174 Vt. 69, 70 (2002). As discussed above, Plaintiff has failed to show by the required particulars of pleading its foreclosure complaint that it is in possession of the original note. Plaintiff's attempt to demonstrate standing through possession of eight notes totaling a similar amount as the note described in the mortgage is insufficient because the notes are not identified to the mortgage, nor has Plaintiff shown that it is a holder entitled to enforce them.

**WHEREFORE,** it is hereby **ORDERED** :  Defendant's motion to dismiss is **GRANTED** as to Count I of Plaintiff's foreclosure complaint.

Electronically signed on August 13, 2014 at 02:51 PM pursuant to V.R.E.F. 7(d).

_____
John P. Wesley
Superior Court Judge

Notifications:
Donald Frechette, Attorney for Plaintiff
Defendant CMGC Building Corp.
Defendant Doppelmayr CTEC Inc.
Karl C. Anderson (ERN 2251), Attorney for Defendant 802 Creative Partners, Inc.
Karl C. Anderson (ERN 2251), Attorney for Defendant W.E. Andrews, a division of
Defendant Pierce Williams d/b/a
Defendant Hermitage Inn Real Estate Hold-
Defendant HCOC, LLC

4